IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Samuel Antwone DeWayne Brooks, | : | |
| | : | Case No. 1:26-cv-752 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Compelling Arbitration and |
| Human Resource Profile, Inc., | : | Staying the Action |
| | : | |
| Defendant. | : | |

Plaintiff has sued Defendant for violating the Fair Credit Reporting Act. (Doc. 1.) The parties have filed a Joint Stipulation to Arbitrate Claims and Stay Lawsuit. (Doc. 3.) They agree that Plaintiff's FCRA claim is subject to an enforceable arbitration clause. Section 2 of the Federal Arbitration Act ("FAA") provides that written agreements to arbitrate a controversy arising out of a contract evidencing a transaction involving commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA "leaves no place for the exercise of discretion by a district court, but instead [it] mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original) (citing 9 U.S.C. §§ 3, 4). Courts within the Sixth Circuit have held that Congress did not intend to bar arbitration of FCRA claims. *See*, *e.g.*, *Mason v. Verizon Wireless Servs.*, *LLC*, 806 F.Supp.3d 703, 710 (N.D. Ohio 2025); *Fox v. TransUnion, LLC*, No. 1:17-cv-362, 2018 WL 5313453, at *4 (S.D. Ohio Oct. 26, 2018). Additionally, FAA § 3 requires that, when the issues in a dispute are subject to arbitration, a district court "shall on application of one of the parties stay the trial of

the action until such arbitration has been had in accordance with the terms of the agreement . . . ." 9 U.S.C. § 3.

Accordingly, the parties are directed to arbitrate Plaintiff's FCRA claim. This action is stayed pending resolution of the arbitration. The parties must move to lift the stay of this action within thirty days after the arbitration decision becomes final.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge